# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 02-3952

————

National Crop Insurance Services, Inc.;  *
Farmers Alliance Mutual Insurance      *
Company; The Alliance Insurance         *
Company,                                *
                                        *
          Appellants,                  *
                                        *  Appeal from the United States
    v.                                *  District Court for the
                                        *  District of Minnesota.
Federal Crop Insurance Corporation;     *
Ann M. Veneman; Phyllis W. Honor,       *
                                        *
          Appellees.                   *

————

Submitted:  October 24, 2003

Filed:  December 5, 2003

————

Before LOKEN, Chief Judge, and LAY and HEANEY, Circuit Judges.

————

HEANEY, Circuit Judge.

Two insurance companies and an insurance trade association brought an action seeking declaratory and injunctive relief against the Federal Crop Insurance

Corporation (FCIC)[1] alleging that the FCIC issued a bulletin, MGR-01-010 (Bulletin), that unlawfully changed crop insurance policy provisions in violation of the Federal Crop Insurance Act (FCIA), the Administrative Procedure Act (APA), and various FCIC regulations. The FCIC moved to dismiss the suit, arguing that this action could not be heard by the district court until the plaintiffs exhausted their administrative remedy before the Board of Contract Appeals (BCA) of the United States Department of Agriculture (USDA) . The district court[2] granted the FCIC's motion to dismiss and this appeal followed. For the reasons stated below, we reverse the district court, remand for further proceedings in accordance with this opinion, and direct the district court to stay those proceedings pending the outcome of the current actions between the sugar beet growers and their insurance companies.

## BACKGROUND

The plaintiff/appellants in this case are National Crop Insurance Services, Inc. (NCIS), Farmers Alliance Mutual Insurance Company (Farmers Alliance), and The Alliance Insurance Company (Alliance) (hereinafter Insurers). Farmers Alliance and Alliance are both private insurance companies that provide crop insurance under the authority of the FCIA. NCIS is a trade association comprised of such companies. This case was consolidated with several other actions currently pending in the District of Minnesota brought by numerous Minnesota growers against members of NCIS,

---

[1] The FCIC is an agency of the United States Department of Agriculture authorized to carry out the purposes of the Federal Crop Insurance Act (FCIA). The purpose of the FCIA is to "promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance." 7 U.S.C. § 1502(a). The FCIC is authorized to use approved insurance providers and to reinsure policies issued by them. Id. § 1508(k)(1).

[2] The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

including Farmers Alliance and Alliance, who insured those growers' 2000 sugar beet crop.[3]

The Insurers provided multi-peril insurance to sugar beet farmers in southern Minnesota. The FCIC, as authorized by the FCIA, executed a Standard Reinsurance Agreement with the Insurers. In October 2000, the crops of several sugar beet growers in southern Minnesota suffered severe freeze damage. The growers filed insurance claims, but the claims were generally denied based on a failure to provide timely notice of loss, as required by the insurance contracts.[4] On March 2, 2001, the FCIC issued MGR 01-010, the Manager's Bulletin at issue in this case, which stated that: (1) sugar beets that were harvested after October 6, 2000, may have suffered an insurable loss within the insurance period; (2) the notice of loss deadline may not be enforceable against the growers whose losses were not discoverable until after the deadline passed; (3) the decision whether to cover these claims resides solely with the insurance companies; and (4) the FCIC would reinsure any eligible freeze-damage claim paid by the insurance companies.

---

[3]The growers allege that the Insurers wrongfully refused to pay insurance claims relating to freeze-damaged beets. The district court stayed those proceedings pending completion of arbitration of all factual disputes under the insurance contract. In re 2000 Sugar Beet Crop Ins. Litig., 228 F.Supp.2d 992 (D. Minn. 2002). In that suit, the Insurers impleaded the FCIC as a third-party defendant, seeking indemnification for any damages payable to the growers. The FCIC filed motions to dismiss the third-party complaints in the growers' suits raising the same exhaustion argument at issue here. The district court held a consolidated hearing and granted FCIC's motions to dismiss on exhaustion grounds. In re Sugar Beet Crop Ins. Litig., 228 F.Supp.2d 999 (D. Minn. 2002). Insurers only appeal the dismissal in the case between Insurers and the FCIC at this time.

[4]The Bulletin states that "[a]ccording to reinsured company officials interviewed, notices of loss were generally not made by the insureds or by the processor within 72 hours of the freeze, during the harvest periods or before the end of the insurance period." (Appellant's App. at 31.)

The Insurers sued the FCIC, seeking declaratory and injunctive relief, alleging that the Bulletin was both unlawful and unlawfully issued. According to the Insurers, the Bulletin: (1) expands coverage of the 2000 sugar beet crop beyond harvesting, in violation of 7 U.S.C. § 1508(a)(2); (2) purports to find coverage despite the fact that timely loss notice was not given, in violation of 7 C.F.R. §§ 457.8 and 457.109; (3) unlawfully waives or varies policy provisions, in violation of 7 C.F.R. § 457.8; (4) was issued without regard to whether it would affect the actuarial soundness of the crop insurance program, in violation of 7 U.S.C. § 1506(o) and 1508(d)(1); and (5) amends promulgated regulations without complying with the notice and comment provisions of the APA. The Insurers sought full indemnification for any liability for the growers' claims pursuant to 7 U.S.C. § 1508(j)(3). The FCIC moved to dismiss the suit arguing that Insurers failed to exhaust their administrative remedy before the USDA's BCA. The district court granted FCIC's motion to dismiss, holding that it lacked jurisdiction because the Insurers failed to exhaust their administrative remedies pursuant to 7 C.F.R. § 400.169, as required by 7 U.S.C. § 6912(e). The Insurers appeal the dismissal of their suit.

## ANALYSIS

The only issue before us is whether the Insurers were required to exhaust their claim before the BCA prior to bringing this action in district court. Reviewing the district court's determination that it lacks jurisdiction due to the Insurers failure to exhaust administrative remedies de novo, In Home Health, Inc. v. Shalala, 272 F.3d 554, 559 (8th Cir. 2001), we hold that the Insurers are not required to bring this claim before the BCA, and, therefore, the district court has jurisdiction to hear this case.

All administrative appeals established by the Secretary of Agriculture must be exhausted before a lawsuit may be brought against an agency of the USDA, such as the FCIC. 7 U.S.C. § 6912(e). The BCA has jurisdiction over disputes involving the FCIC. 7 C.F.R. § 24.4. Specifically, § 24.4(b) states that the BCA has jurisdiction

-4-

over FCIC determinations "pertaining to standard reinsurance agreements under 7 CFR 400.169(d)." For challenges involving Manager's Bulletins, paragraph (c) of § 400.169 applies. Paragraph (c) states that the BCA does not have jurisdiction to hear appeals about bulletins which do not "interpret, explain, or restrict the terms of the reinsurance agreement." The district court held that exhaustion was required under paragraph (c) because the Bulletin "interprets, explains or restricts the terms of the reinsurance agreement." In re Sugar Beet Crop Ins. Litig., 228 F.Supp.2d 999, 1005 (D. Minn. 2002).

Whether the Bulletin does or does not "interpret, explain, or restrict" the reinsurance contract, however, is not the dispositive issue here. We read § 400.169 to require administrative appeals when a dispute between an insurance provider and the FCIC, pertains to coverage under a reinsurance contract. This is not such a dispute. The Insurers do not allege that the Bulletin altered the terms of the reinsurance contract between Insurers and the FCIC. Instead, the Insurers allege that the Bulletin unlawfully expands coverage under the *insurance contract* between the Insurers and the growers. The Insurers are asking for FCIC indemnification of their entire obligation to the growers under that insurance contract, a recovery that would exceed the reimbursement to which the Insurers would be entitled under the reinsurance contract had the FCIC not issued the Bulletin. We read nothing in § 400.169 which requires a dispute about whether the FCIC is liable for expanding the Insurers' liability under an insurance contract to be heard by the BCA before being brought to the district court. It is our view that the district court can properly exercise jurisdiction over disputes such as this. Therefore, we reverse the district court's finding that it lacks jurisdiction and remand this case for further proceedings on the merits.

-5-

## CONCLUSION

Several cases between Minnesota sugar beet growers and their insurance companies are currently pending before the Minnesota District Court. It is in those cases that the district court will determine whether or not the losses suffered by the sugar beet growers due to the freeze in October 2000 are covered under the insurance contracts. It is the district court's responsibility to decide both the issue of insurance coverage and whether the Bulletin is relevant in determining coverage. Our decision in this case has no bearing on the relevance of the Bulletin in those cases, or on the ultimate liability of the insurance companies. If the district court finds in those cases that the insurance companies are not liable to the growers, then the appeal currently before us would become inconsequential. The same result would occur if the district court found the insurance companies liable and explicitly stated that the Bulletin in no way impacted that outcome. The potential insignificance of the case before us raises both ripeness and mootness concerns. In our opinion, this case should continue, if at all, only after the growers' case is finally adjudicated. We therefore direct the district court to stay this proceeding pending the outcome of the current actions between the sugar beet growers and the insurance companies.

_____