**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN JOE HOOVER,

      Plaintiff - Appellant,

v.

KELLY WEST; EARL MARKLAND;
ROYCE MELTON; J. D. DAVIS;
GARY GIBSON; RANDALL
WORKMAN; FRANK KEATING,

      Defendants - Appellees.

No. 03-7106
(D.C. No. CIV-02-418-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY,** and **McCONNELL**, Circuit Judges.

Stephen J. Hoover ("Plaintiff"), a former Oklahoma prisoner appearing *pro se* and *in forma pauperis*,[1] filed this action pursuant to 42 U.S.C. § 1983 while he

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Plaintiff was released from custody prior to filing his notice of appeal, and thus the filing fee provisions of the Prison Litigation Reform Act do not apply to this appeal. See 28 U.S.C. § 1915(a), (b), (h); Whitney v. New Mexico, 113 F.3d

(continued...)

was incarcerated.  The district court granted Defendants' motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997(e)(a), and Plaintiff now appeals.  For the following reasons, we AFFIRM the district court's order.

## BACKGROUND

Plaintiff alleged that on August 1, 2000, Sergeant Kelly West, supervised and assisted by other prison officials, assaulted and battered Plaintiff while he was wearing full restraints during his cellmate's cell abstraction.  The next day, Plaintiff submitted a "Request to Staff" to Randall Workman, a Deputy Warden, who denied it on August 16, 2000.  Plaintiff then filed a grievance to the Warden on that same day.  On August 21, 2000, the Warden's office returned the grievance to Plaintiff unanswered on the ground that Plaintiff had previously filed a grievance regarding the same issue.  Defendants have since conceded that the Warden's office made a mistake regarding this rationale, as no other previous grievance was filed regarding this incident.

Plaintiff then appealed the issue to the Administrative Review Authority (ARA), which returned his grievance unanswered on August 31, 2000 because he

---

[1](...continued)
1170, 1171 n.1 (10th Cir. 1997).  Based on our review of Plaintiff's financial declarations, we grant his motion to proceed *in forma pauperis* on appeal.  See 28 U.S.C. § 1915(a)(1).

had improperly attached additional pages to the grievance and because he had not received a response from the facility head (the Warden). The Administrative Review Authority gave Plaintiff ten additional days to correct the deficiencies and properly submit the grievance. Instead of attempting to cure during this time period,[2] Plaintiff filed a lawsuit in the Eastern District of Oklahoma pursuant to 42 U.S.C. § 1983, alleging cruel and unusual punishment in violation of the Eighth Amendment and denial of due process in violation of the Fourteenth Amendment.

Defendants moved to dismiss under Rule 12(b)(6) on the ground that Plaintiff had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a). The district court granted the motion and Plaintiff now appeals.

**DISCUSSION**

We exercise jurisdiction over this appeal from the district court's final order pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's dismissal for failure to exhaust administrative remedies under 42 U.S.C. § 1997(e)(a). Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

---

[2]Plaintiff did attempt to refile his grievance to the Administrative Review Authority (ARA) on June 21, 2002. However, the ARA returned it for untimeliness because it was filed almost two years after he had been given ten days to correct the above deficiencies.

- 3 -

**A.    The Exhaustion Requirement of the Prison Litigation Reform Act (PLRA)**

The general rule is that plaintiffs need not exhaust administrative remedies before filing a § 1983 suit.  Porter v. Nussle, 534 U.S. 516, 523 (2002).  However, as part of the 1996 Prison Litigation Reform Act (PLRA), Congress added an exhaustion requirement for prisoners' suits regarding prison conditions.  42 U.S.C. § 1997(e)(a).  The provision, entitled "Suits by Prisoners," provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)(a).  The Supreme Court has held that this exhaustion requirement for suits regarding "prison conditions" applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[3]  Porter, 534 U.S. at 531.

"Although section 1997(e)(a) mandates the exhaustion of administrative remedies, a plaintiff's failure to fulfill a statutory requirement does not necessarily deprive the federal courts of subject matter jurisdiction."  Chelette v.

---

[3] The government asserts, without citation to the record or reference to dates, that Plaintiff was still incarcerated at the date of filing his complaint.  Plaintiff does not seem to contest this.  Therefore, it appears that the PLRA exhaustion requirement applies.

Harris, 229 F.3d 684, 687 (8th Cir. 2000). The Supreme Court has held that the language of the exhaustion requirement must contain "'sweeping and direct' language indicating that there is no federal jurisdiction prior to exhaustion, or else the exhaustion requirement is treated as an element of the underlying claim." Id. (quoting Weinberger v. Salfi, 422 U.S. 749, 757 (1975)). Because § 1997(e)(a) does not contain this sort of "sweeping and direct" language, every circuit court that has considered the issue has found that the PLRA exhaustion requirement is not jurisdictional. Id. (collecting cases); see also Ali v. District of Columbia, 278 F.3d 1, 5-6 (D.C. Cir. 2002) (same). We recently joined our sister circuits in finding that the PLRA exhaustion requirement, although mandatory, is not a prerequisite to our jurisdiction.[4] Steele v. Federal Bureau of Prisons, __ F.3d __, 2003 WL 23019855, *3 (10th Cir. 2003).

An inmate must not only begin the administrative grievance process in order to meet the exhaustion requirement, but must also complete it in compliance with administrative rules. Jernigan, 304 F.3d at 1032. Even if the administrative process does not provide the particular relief sought by the plaintiff, he or she is still required to exhaust all administrative procedures that are available. Booth v.

---

[4]Therefore, Plaintiff is correct when he argues that § 1997(e)(a) is not jurisdictional. However, this argument does not get him far as the district court would still have been required to dismiss his complaint had he failed to exhaust. Section 1997(e)(a) is mandatory and requires dismissal of any case in which an available administrative remedy has not been exhausted.

Churner, 532 U.S. 731, 741 (2001). Similarly, the plaintiff is required to exhaust all available procedures offered by the prison even if doing so appears "futile." Jernigan, 304 F.3d at 1032; see also Giano v. Goord, 250 F.3d 146, 150-51 (2d Cir. 2001) ("[T]he alleged ineffectiveness of the administrative remedies that are available does not absolve a prisoner of his obligation to exhaust such remedies[.]"); Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 536-37 (7th Cir. 1999) (finding that the PLRA exhaustion requirement has no "futility exception," and stating that "[n]o one can *know* whether administrative requests will be futile; the only way to find out is to try") (emphasis in original).

**B.    Defendants' administrative procedure provided a remedy that triggered the exhaustion requirement of § 1997(e)(a).**

Plaintiff first argues that the Oklahoma Department of Corrections ("DOC") provides no remedy for his allegations. According to Plaintiff, this is because the grievance process cannot be used to discipline staff and because the Oklahoma Governmental Tort Claims Act does not provide a cause of action for "individual non-official acts." (Aplt. Br. at 10-11.)

However, the Supreme Court has held that as long as the administrative procedures have "authority to take *some* action in response to a complaint," that is enough of a remedy to trigger the exhaustion requirement. Booth, 532 U.S. at 736 (emphasis added). For example, although the procedures may not provide

- 6 -

monetary relief, they might provide for transfer to another facility or at least a hearing on grievances. See Larkin v. Galloway, 266 F.3d 718, 723 (7th Cir. 2001). Plaintiff does not argue that transfers or hearings were not available through this process, and it is not sufficient for him to simply point to the lack of either a tort cause of action or an inmate-initiated disciplinary action against staff. The administrative procedures provided some remedy and Plaintiff is obligated to exhaust those procedures even if the available remedy is not one of his choosing. See Booth, 532 U.S. at 741.

C.     **Plaintiff did not exhaust all "available" administrative procedures, and Defendants' actions did not render these procedures "unavailable."**

Plaintiff next argues that he exhausted all administrative procedures that were available to him and that any further procedures were made "unavailable" by Defendants' actions. He is frustrated by the fact that the Warden initially erred in declining to respond to his grievance based on the misconception that a previous grievance had been filed on the same issue.[5] Yet, when Plaintiff attempted to appeal, the Administrative Review Authority (ARA) refused to respond in part because the Warden had not yet responded. It is true that Plaintiff seems to have

---

[5]Defendants now concede that the Warden erred in this initial refusal to respond to Plaintiff's grievance, as there existed no previous grievances on this August 1, 2000 incident.

been caught in a catch-22. However, the ARA gave him ten days to cure this deficiency, and instead of even attempting to obtain a response from the Warden or explain the mistake to the ARA within that time period, he filed the instant suit in district court.

Plaintiff is correct that § 1997(e)(a) only requires him to exhaust administrative procedures that are made "available" to him. Courts "refuse to interpret the PLRA so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances." See Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (quotation omitted). Instead, we examine the plain meaning of the term "available" in § 1997(e)(a) and find that a prisoner is only required to exhaust those procedures that he or she is reasonably *capable* of exhausting. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998). For example, "[T]he failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." Jernigan, 304 F.3d at 1032. Similarly, a prisoner lacks "available" remedies where prison officials deny him or her the necessary grievance forms. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003). Where prison officials prevent or thwart a prisoner from utilizing an administrative remedy, they have rendered that remedy "unavailable" and a court

will deem that procedure "exhausted." See Lyon v. Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).

However, in the instant case, Plaintiff was given ten days to cure the deficiency, yet failed to make any such attempt. This is similar to the situation we faced in Jernigan, 304 F.3d at 1032-33, where we held that the plaintiff had not exhausted his remedies where he failed to cure a deficiency in his appeal related to obtaining a response from the head prison official, even though it may have been the prison official's fault for misplacing his grievance. We noted that the plaintiff "was given ten days to cure the deficiency in question which no doubt would have involved informing prison officials of the lost or misfiled grievance." Id. at 1032. We stated that the plaintiff could not "successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them[.]" Id. at 1033. There, as here, the grievance policy provided a time frame for prison officials' responses, after which the plaintiff could appeal with evidence of *attempts* to obtain a response. Id. Plaintiff has not shown us any reason why he could not have brought the mistake regarding the previous grievance to the Warden's attention (or the ARA's) within the 10-day time period. Because he did not even try to cure this deficiency, we affirm the district court's dismissal for lack of exhaustion. See id.

**D.** **Defendants are not equitably estopped from moving to dismiss for failure to exhaust**.

Finally, Plaintiff argues that because it was Defendants' mistake that caused him to fall short of fully exhausting the administrative procedures, they should be equitably estopped from moving to dismiss based on § 1997(e)(a). We disagree.

"The Fifth Circuit is the only circuit to hold that equitable estoppel can apply to the PLRA exhaustion requirement." Lewis, 300 F.3d at 834 (citing Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998)). This holding is "persuasive because non-jurisdictional prerequisites to suit in federal court are typically subject to equitable estoppel." Id. (citing Zipes v. Trans World Airlines, Inc. 455 U.S. 385, 393 (1982)). However, the Seventh and Tenth Circuits have so far declined to decide whether equitable estoppel applies because their cases have fallen short of meeting the elements of equitable estoppel. See id.; Jernigan, 304 F.3d at 1033.

To establish equitable estoppel, the party claiming estoppel must show: (1) a misrepresentation by the opposing party; (2) reasonable reliance on that misrepresentation; and (3) detriment. Emery Mining Corp. v. Secretary of Labor, 744 F.2d 1411, 1417 (10th Cir. 1984). It is also well-settled that the "Government may not be estopped on the same terms as any other litigant," and the burden on the party seeking estoppel against the government is heavier.

Heckler v. Cmmty. Health Servs. of Crawford County, 467 U.S. 51, 60 (1984). "When asserting equitable estoppel against the government, one must also prove affirmative misconduct." Lewis, 300 F.3d at 834.

In the instant case, Plaintiff merely argues that the prison officials have "misrepresented" that they have a grievance procedure and that they will answer grievances. (Aplt. Br. at 18.) However, he has pointed to no statement made to him regarding his grievance or the deadlines which could constitute a misrepresentation. Nor does he show that he relied on any of Defendants' statements to him. In fact, Plaintiff was the one who knew that Defendants' statements regarding his previous grievance were mistaken. Just like the plaintiff in Jernigan, Plaintiff cannot show detrimental reliance on prison officials. See Jernigan, 304 F.3d at 1033 (stating that plaintiff could not show detrimental reliance, "having been told that his grievance had been lost or misfiled and having been given an opportunity to cure"). Because Plaintiff fails to show either a misrepresentation or detrimental reliance, he has clearly failed to state a claim regarding equitable estoppel. Thus, we need not reach the issue of whether equitable estoppel applies to the PLRA exhaustion requirement.

## CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court

dismissing Plaintiff's § 1983 claim for failure to exhaust under § 1997(e)(a).

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge